In the Matter of the Application for Letters of Administration of the Goods, Chattels and Credits Which Were of GEORGE FRANCIS LUCEY, Deceased. JAMES FRANCIS LUCEY, Petitioner, Appellant; MARION DILLON LUCEY, as Adminis-

tratrix, etc., of GEORGE FRANCIS LUCEY, Deceased, Respondent.— A proceeding was instituted in the Surrogate's Court, Queens County, by the father of decedent, to obtain letters of administration of his goods, chattels and credits. A decree was duly entered January 18, 1940, granting such administration to petitioner. The proceeding was subsequently reopened and objections were filed by the respondent, alleged widow of decedent. The issues were duly tried and a decree entered which, in effect, adjudged (1) that decedent and objector were married and that the relation of husband and wife existed between them from February 26, 1937, or February 27, 1937; (2) that objector is the lawful widow of decedent; (3) that her objections be sustained; (4) that the decree entered January 18, 1940, be vacated and that letters of administration be issued to respondent, as widow, upon her qualifying and filing an undertaking in the sum of $2,000. From that decree petitioner appeals. Decree of the Surrogate's Court, Queens County, reversed on the law and facts, with costs to the appellant, payable out of the estate, and proceeding remitted to the Surrogate's Court with the direction to enter a decree awarding letters of administration to the appellant, upon his qualifying and filing an undertaking in the sum of $2,000; and this court, exercising its powers as a Surrogate's Court, strikes from the record all testimony of objector as to her personal transactions with the deceased, including that relating to her alleged ceremonial marriage to him. The testimony thus struck out was improperly received. With such testimony eliminated the evidence requires a finding, which this court hereby makes, that objector was never the wife of decedent and is not now his widow. The petitioner, his father, is entitled to administration. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.